11-SCV2050/JJG

| | |
|---|---|
| STATE OF MINNESOTA | IN DISTRICT COURT - CIVIL |
| COUNTY OF OLMSTED | THIRD JUDICIAL DISTRICT |

Court File No.: _____
Type of Case: Contract

Peter L. Elkin and Margaret Elkin,

    Plaintiffs,

v.

**AMENDED COMPLAINT**

State Farm Insurance Company and
Minnesota Energy Resources Corporation

    Defendants.

---

Plaintiffs, Peter L. Elkin, M.D. and Margaret Elkin, for their Amended Complaint against the Defendants, State Farm Insurance Company and Minnesota Energy Resources Corporation, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs, Peter L. Elkin, M.D. and Margaret Elkin, are residents New York City, New York.

2. On information and belief, Defendant State Farm Insurance Company ("State Farm") is a foreign corporation conducting business as an insurance company in Minnesota and is licensed by the State of Minnesota to sell policies of home insurance to residents of Minnesota.

3. On information and belief, Defendant Minnesota Energy Resources Corporation ("MER") is a Minnesota corporation, doing business as a supplier of natural gas.

4. At all relevant times, Plaintiffs owned a home at 1227 6th Street SW, Rochester, MN 55902 ("Plaintiffs' Home").

5. Plaintiffs had contracted with MER to supply natural gas to the Plaintiffs' Home.



6. Plaintiffs had contracted with State Farm to provide homeowner's insurance for Plaintiff's Home, pursuant to a policy identified by policy number 23-LN-6657-3 ("Policy"). A true and correct copy of the policy is attached as Exhibit A.

7. In 2009, Plaintiffs listed their home for sale.

8. Plaintiffs moved to New York State and, as a result, Plaintiffs' Home was vacant beginning in January 2010.

9. Plaintiffs, contemporaneously with their move, filed a change of address form with the United States Postal Service.

10. Despite filing the change of address form, through no fault of their own, Plaintiffs did not receive billing statements from MER in January or February of 2010.

11. As a result, Plaintiffs accrued an overdue balance on their account with MER.

12. Upon receiving a statement from MER, Plaintiff Margaret Elkin called MER to update Plaintiffs billing address, and to make a payment plan regarding the past due to bring the account up to date and prevent MER from shutting off the natural gas supply to Plaintiffs' Home ("Payment Plan Call").

13. During the Payment Plan Call, MER agreed to the proposed payment plan and accepted a payment over the phone.

14. Plaintiffs complied with their payment obligations and had paid all the past due amounts prior to issuance of the May billing statement from MER.

15. Unbeknownst to Plaintiffs, some time in approximately March of 2010, MER shut off the natural gas service to Plaintiffs' Home.

16. MER failed to properly notify Plaintiffs that MER shut off the natural gas service to Plaintiffs' Home.

17. From April 2010 through December 2010, Plaintiffs received billing statements for natural gas service from MER, even though, unbeknownst to Plaintiffs, MER was not supplying gas to the house.

18. During this time, Plaintiffs continued making regular payments to MER, in response to billing statements sent by MER.

19. During the time Plaintiffs' Home was vacant, Plaintiffs enlisted their neighbors, Ethan Carlson and Brian Carlson, to conduct regular and at least weekly checks on Plaintiffs' Home and perform basic maintenance tasks. In addition, Plaintiffs' had asked their realtor, Shawn Buryska, to watch the house.

20. During the summer of 2010, Plaintiffs received a notice from MER regarding construction in the area of Plaintiffs' Home that may cause an interruption to the gas service.

21. Following receipt of the aforementioned notice, Plaintiffs contacted MER by telephone to determine whether Plaintiffs' Home would be affected ("Summer Call").

22. During the Summer Call, MER informed Plaintiffs that Plaintiffs' Home would not experience a service interruption.

23. During the Summer Call, MER did not inform Plaintiffs that MER had shut off the gas service to Plaintiffs' Home.

24. During approximately the week of November 15, 2010, Plaintiff's realtor, Shawn Buryska, contacted Plaintiffs regarding the temperature getting cold in Rochester MN.

25. During approximately the week of November 15, 2010, Plaintiffs contacted MER by telephone (the "Mid November Call") to confirm there were no problems with the gas service to Plaintiffs' Home.

26. During the Mid November Call, MER informed Plaintiffs that "if you're receiving bills, your gas service is on."

27. During the Mid November Call, MER did not inform Plaintiffs that MER had shut off the gas service to Plaintiffs' Home.

28. On or about November 27, 2010, Shawn Buryska, called Plaintiffs to notify them that Plaintiffs' Home seemed cold.

29. As a result of the call from Mr. Buryska, on November 27, 2010, Plaintiffs contacted Brian Carlson to check on the heat at Plaintiffs' Home.

30. On November 27, 2010, Brian Carlson called Plaintiffs to notify them that he discovered that the natural gas supply to the house was shut off.

31. On November 27, 2010, a Saturday, Plaintiffs called MER's Emergency number ("Emergency Call") to inquire as to why the gas service was off and requested that MER immediately restore gas service to Plaintiffs' Home.

32. In response to the Emergency Call, MER told Plaintiffs to follow up with Customer Service during regular business hours on a weekday, however, MER took no action to restore gas service to Plaintiffs' Home.

33. On Tuesday, November 30, 2010, Plaintiffs called MER's customer service number ("Customer Service Call") to inquire about the gas service and confirmed that the service was still off. During the Customer Service Call, the following items were discussed:

    a. Plaintiffs requested that MER immediately restore gas service to Plaintiffs' Home;

    b. Plaintiffs inquired as to why the gas service to Plaintiffs' Home was not already on;

  c. MER informed Plaintiffs that the natural gas supply to the Plaintiffs' home had been shut off in March 2010 for non-payment;

  d. MER confirmed that Plaintiffs' account was current;

  e. MER agreed to promptly restore natural gas service to Plaintiffs' Home.

34. Plaintiffs' realtor checked on the home on November 30, 2010 and noted that the home was in order, but remained cold.

35. MER did not restore gas service to Plaintiffs' Home during November of 2010.

36. Temperatures in Rochester MN dropped significantly between November 30, 2010, and December 1, 2010.

37. On December 1, 2010, Shawn Buryska, or a member of his team, again checked on the Plaintiffs' home, and discovered that a water pipe had burst (hereafter the pipe bursting, and the resulting water damage shall be referred to as the "Event").

38. On December 1, 2010, Shawn Buryska called Plaintiffs to notify them of the Event.

39. As a result of the Event, Plaintiffs' Home incurred substantial damage which has been estimated to cost several hundred thousand dollars to repair.

## COUNT I – BREACH OF CONTRACT AS AGAINST STATE FARM

40. Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 39 of the General Allegations of this Complaint as and for Paragraph 40 of this Count I.

41. On all relevant dates in November 2010, through and including the date of the Event, the Policy was in full force and effect.

42. Plaintiffs timely submitted a claim on the Policy regarding the Event to State Farm.

43. Plaintiffs substantially complied with their duties under the Policy.

44. Following an investigation, State Farm denied coverage under the Policy and refused to

provide full coverage to the Plaintiffs.

45. State Farm's failure to provide coverage constitutes a breach of contract.

46. As a result of State Farm's breach of contract, Plaintiffs have been damaged in an amount in excess of $50,000.00.

## COUNT II – BREACH OF CONTRACT AS AGAINST MINNESOTA ENERGY RESOURCES

47. Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 39 of the General Allegations of this Complaint as and for Paragraph 47 of this Count II.

48. Throughout 2010, through and including the date of the Event, Plaintiffs had a valid and enforceable contract with MER for the supply of natural gas to Plaintiffs' Home.

49. Plaintiffs substantially complied with their duties under the contract.

50. MER breached its contract with Plaintiffs by failing to supply Plaintiffs' Home with natural gas.

51. As a result of MER's breach of contract, Plaintiffs were damaged in an amount in excess of $50,000.00, plus such attorney's fees and costs as allowed by the contract, or by law.

## COUNT III – NEGLIGENCE AS AGAINST MINNESOTA ENERGY RESOURCES

52. Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 39 of the General Allegations of this Complaint as and for Paragraph 52 of this Count III.

53. At all times mentioned, and particularly and specifically, in 2010, through and including the date of the Event, MER had a duty to Plaintiffs, to supply natural gas to Plaintiffs' Home.

54. MER breached said duty by one or more of the following acts, any one of which was negligent:

    a. By shutting off the natural gas supply to Plaintiffs' Home, at some point in 2010,

prior to the Event;

b. By failing to properly notify Plaintiffs that MER shut off the gas supply;

c. By agreeing to a payment plan with Plaintiffs, and failing to continue to provide natural gas to Plaintiffs' Home;

d. By agreeing to a payment plan with Plaintiffs, and failing to continue to restore the natural gas service to Plaintiffs' Home;

e. By failing to notify Plaintiffs, during the Payment Plan Call that MER either had already or was imminently about to shut off the gas service the Plaintiffs' Home;

f. By failing to notify Plaintiffs, during the Summer Call that MER had shut off the gas service the Plaintiffs' Home;

g. By failing to notify Plaintiffs, during the Mid November Call that MER had shut off the gas service the Plaintiffs' Home;

h. By failing to promptly restore the natural gas service to Plaintiffs' Home, in response to the Emergency Call;

i. By failing to promptly restore the natural gas service to Plaintiffs' Home, in response to the Customer Service Call;

55. As a direct and proximate result of MER's negligence and carelessness, on or about December 1, 2010, a pipe burst in Plaintiffs' Home causing substantial damage to Plaintiffs' Home.

56. As a direct and proximate result of MER's above-described negligence and carelessness, Plaintiffs have been damaged in an amount in excess of $50,000.00, plus such attorneys fees and costs as allowed by the contract, or by law.

**WHEREFORE**, Plaintiffs, Margaret and Peter Elkin, pray for a judgment in their favor and Defendants, as follows:

1. That judgment be entered in favor of Margaret and Peter Elkin and against State Farm Insurance Company and Minnesota Energy Resources Corporation, jointly and severally, in an amount in excess of $50,000.00, as more specifically proven at trial, plus interest and such attorneys fees, costs and disbursements as are allowed by law; or alternatively

2. That judgment be entered in favor of Margaret and Peter Elkin and against State Farm Insurance Company, in an amount in excess of $50,000.00, as more specifically proven at trial, plus interest and such attorneys fees, costs and disbursements as are allowed by law; or alternatively

3. That judgment be entered in favor of Margaret and Peter Elkin and against Minnesota Energy Resources Corporation, in an amount in excess of $50,000.00, as more specifically proven at trial, plus interest and such attorneys fees, costs and disbursements as are allowed by law; and

4. For such other and further relief as the Court deems just and proper.

Dated: December 14, 2011          THE LAW OFFICES OF JEFFERY A MINTZ. LLC

Jeffery A. Mintz (#300846)
Laura A. Vannelli (#0392515)
Attorneys for Plaintiffs
3257 19th Street NW, Suite 4
Rochester, MN 55901
(507) 424-2664

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. ' 549.211, Subd. 1, to the party against whom the allegations in this pleading are asserted.

_____
Jeffery A. Mintz

## VERIFICATION

STATE OF ~~MINNESOTA~~ New York )
                                )ss.
COUNTY OF ~~OLMSTED~~ New York  )

Peter L. Elkin, being first duly sworn, on oath, verifies and says that he is one of the Plaintiffs in the foregoing Complaint, and that he has read the foregoing Complaint and knows the contents thereof, and that facts alleged therein are true and correct, to the best of his knowledge and belief.

_____, MD
Peter L. Elkin, MD

Subscribed and sworn to before me this
____ day of December, 2011
by Peter L. Elkin, MD.

_____
Notary Public, New York County,
State of New York.

ANNIE CHUI SHAN HO
Notary Public, State of New York
Qualified in Queens County
Reg. No. 01HO6103144
My Commission Expires Dec. 15, 2011

## VERIFICATION

STATE OF ~~MINNESOTA~~ New York  )
                                 )ss.
COUNTY OF ~~OLMSTED~~ New York  )

Margaret Elkin, being first duly sworn, on oath, verifies and says that she is one of the Plaintiffs in the foregoing Complaint, and that he has read the foregoing Complaint and knows the contents thereof, and that facts alleged therein are true and correct, to the best of her knowledge and belief.

_____
Margaret Elkin

Subscribed and sworn to before me this
5th day of December, 2011
by Margaret Elkin.

ANNIE CHUISHAN HO
Notary Public, State of New York
Qualified in Queens County
Reg. No. 01HO6103144
My Commission Expires Dec. 15, 2011